THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. MICKEY HAYS *et al.,* Defendants-Appellees.

Fifth District    No. 5—85—0133

Opinion filed April 17, 1986.

Alan Downen, State's Attorney, of McLeansboro (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Reed, Heller & Mansfield, of Pinckneyville, for appellees.

JUSTICE HARRISON delivered the opinion of the court:

The State appeals from a judgment of the circuit court of Hamilton County dismissing counts I and II of informations filed against defendants, Mickey Hays and Betty Henson, for failure to state an offense. The central question presented by this appeal is whether a knowing disregard of the provisions of section 19—6 of the Election Code (Ill. Rev. Stat. 1983, ch. 46, par. 19—6) concerning return of absentee ballots constitutes a crime. Because we find that it does, we reverse and remand.

The pertinent facts are not in dispute. On May 30, 1984, defendants were charged by information with multiple violations of the Election Code arising from irregularities with absentee ballots cast in the November 2, 1982, general election. Five separate informations were filed against defendant Hays. Twelve were filed against defendant Henson. Except for the names of the voters whose ballots were involved, those informations were identical in every material respect. Count I alleged commission of the offense of solicitation

"in that the defendant, with the intent that the offense of DIS-REGARD OF ELECTION CODE in violation of Section 29—

12, Chapter 46, Illinois Revised Statutes, be committed, encouraged [a named voter] to commit that offense by knowingly encouraging [her or him] to omit an act required by Section 19—6, Chapter 46, Illinois Revised Statutes, in that the defendant knowingly encouraged the said [voter] to deliver the said [voter's] absentee ballot into the defendant's possession rather than personally mail it or deliver it to the election authority issuing the ballot, being the Hamilton County Clerk's Office, as required by Section 19—6, Chapter 46, Illinois Revised Statutes, which ballot was to be used and preserved for the November 2, 1982, General Election in Hamilton County, Illinois, the aforesaid encouragement being in violation of Section 8—1(a), Chapter 38, Illinois Revised Statutes; ***."

Count II, premised on the theory of accountability (see Ill. Rev. Stat. 1983, ch. 38, pars. 5—1, 5—2), charged disregard of the Election Code

"in that [defendant] knowingly caused the omission of an act required by Section 19—6, Chapter 46, Illinois Revised Statutes, in that she knowingly caused [a named voter] to deliver the said [voter's] absentee ballot into the defendant's possession rather than personally mail it or deliver it to the election authority issuing the ballot, being the Hamilton County Clerk's Office, as required by said Section 19—6, Chapter 46, Illinois Revised Statutes, which ballot was to be used and preserved for the November 2, 1982, General Election in Hamilton County, Illinois, in violation of Section 29—12, Chapter 46, Illinois Revised Statutes; ***."

A third count charged the offense of mutilation of election materials (Ill. Rev. Stat. 1983, ch. 46, par. 29—6) but is not at issue here.

Defendants filed separate motions to dismiss counts I and II pursuant to section 114—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 114—1) contending that their prosecution was time barred and that the State's allegations failed to charge an offense. Defendants' motions were consolidated for hearing, and after oral argument on January 30, 1985, the court verbally dismissed counts I and II of each information as to each defendant. The court subsequently entered written orders to this effect, finding that section 19—6 of the Election Code (Ill. Rev. Stat. 1983, ch. 46, par. 19—6) is not a penal statute and that the acts alleged in counts I and II are not rendered criminal in nature by virtue of sections 29—12 or 29—13 of the Election Code (Ill. Rev. Stat. 1983, ch. 46, pars. 29—12, 29—13). It is the propriety of this ruling which is now before us. Defendants' statute of limitations claim was not addressed by the circuit court and

has not been raised by either party on appeal.

Section 19—6 of the Election Code (Ill. Rev. Stat. 1983, ch. 46, par. 19—6), upon which counts I and II are premised, sets forth the requirements for return of absentee ballots. It provides:

> "Such absent voter shall make and subscribe to the certifications provided for in the application and on the return envelope for the ballot, and such ballot or ballots shall be folded by such voter in the manner required to be folded before depositing the same in the ballot box, and be deposited in such envelope and the envelope securely sealed. The voter shall then endorse his certificate upon the back of the envelope and *the envelope shall be mailed by such voter, postage prepaid, to the election authority issuing the ballot or, if more convenient, it may be delivered in person.*" (Emphasis added.)

As the language of the informations quoted above indicates, the theory of the State's case is that defendants knowingly encouraged (count I) or caused (count II) voters to violate this statute by giving their absentee ballots to defendants in disregard of the express requirement that such ballots be personally mailed or delivered by the voter to the issuing election authority. Defendants assert, and the circuit court agreed, that these charges must fail because section 19—6 is not penal in nature, and its violation is not a criminal offense. We find this interpretation of the statute to be untenable.

■■ ■ An act constitutes a criminal offense if it is described by statute as an offense or if a penalty is expressly provided in the statute proscribing that act. (*People v. Graf* (1968), 93 Ill. App. 2d 43, 48, 235 N.E.2d 886, 889.) Both tests are met here. Section 29—13 of the Election Code (Ill. Rev. Stat. 1983, ch. 46, par. 29—13) states unambiguously, "Each violation of this Code shall be an offense within the meaning of section 2—12 of the Illinois Criminal Code of 1961, as amended ***." Moreover, a penalty is specifically provided by section 29—12 of the Code (Ill. Rev. Stat. 1983, ch. 46, par. 29—12), entitled "Disregard of Election Code," which reads, "Any person who knowingly (a) does any act prohibited by or declared unlawful by, or (b) fails to do any act required by, this Code, shall be guilty of a Class A misdemeanor." Accordingly, our supreme court has held without qualification that "[v]iolation of a provision of the Election Code is a criminal offense." *People v. Ellis* (1978), 74 Ill. 2d 489, 496, 384 N.E.2d 331, 334.

■■ Defendants argue that the contested informations do not allege a violation of the Election Code because the methods specified by section 19—6 for return of absentee ballots are merely directory. The

law is well settled, however, that the absentee ballot return provisions of section 19—6 are mandatory. (*Frese v. Camferdam* (1979), 76 Ill. App. 3d 68, 75, 394 N.E.2d 845, 850; see *Clark v. Quick* (1941), 377 Ill. 424, 430, 36 N.E.2d 563.) When applying for an absentee ballot, a voter must certify in writing that he or she "shall return the ballot or ballots to the election official issuing the same ***." (Ill. Rev. Stat. 1983, ch. 46, par. 19—3.) Pursuant to section 19—6, such ballots can only be returned by mail or in person by the voter. Except for certain hospitalized voters (see Ill. Rev. Stat. 1983, ch. 46, par. 19—13), no other methods of delivery are permissible.

Defendants believe that this reading of the Election Code is overly technical. They assert that the legislature's intent was simply to ensure that the appropriate election authorities actually receive the completed absentee ballots and that the particular mode of delivery used is not essential. We disagree. The methods for return of absentee ballots required by section 19—6 are not mere procedural formalities. Their purpose is to safeguard the integrity of the election process by depriving unauthorized persons of the opportunity to tamper with ballots after they have been completed. (See *Frese v. Camferdam* (1979), 76 Ill. App. 3d 68, 72-73, 394 N.E.2d 845, 848.) As the supreme court of this State has held, the entire theory underlying our ballot law is that "once a ballot has been marked by a voter in secret, from that time on it shall not be subject to any opportunity for any other person to mar, change or erase it." (*Clark v. Quick* (1941), 377 Ill. 424, 430, 36 N.E.2d 563.) Thus, while the legislature was willing to permit the U.S. mails to have temporary custody of absentee ballots for delivery to election officials, it clearly did not intend that such custody should be committed, even temporarily, to any other person or agency. 377 Ill. 424, 431, 36 N.E.2d 563.

That no fraud or tampering is alleged or proved cannot justify departure from the mandatory ballot return provisions of section 19—6. Consistent with the prophylactic nature of these provisions, the relevant inquiry is not whether a ballot has actually been tampered with, but whether the opportunity for such tampering by unauthorized persons was present. (See *Frese v. Camferdam* (1979), 76 Ill. App. 3d 68, 72-73, 394 N.E.2d 845, 848.) If the opportunity was present, the presumption seems to follow that it has been used. (*Clark v. Quick* (1941), 377 Ill. 424, 430, 36 N.E.2d 563, 566.) Accordingly, the facts alleged here, delivery of absentee ballots to defendants rather than mailing them or delivering them personally to the election authority, are sufficient to state a violation of section 19—6.

Defendants assert that if violation of the ballot return provisions

of section 19—6 is held to be a crime, then absentee voters may also be subject to criminal prosecution for simple failure to comply with other requirements under that statute regarding such matters as the manner in which ballots must be folded and sealed in their envelopes. This, defendants claim, would be an absurd result and cannot have been intended by the legislature. We express no view on this contention, however, for none of the hypotheticals advanced by defendants is claimed to be present here. Our holding today is limited solely to the failure to comply with the required methods for return of absentee ballots. Anything more would be *dicta.* We observe only that doing any act prohibited or declared unlawful by, or the failure to do any act required by, the Election Code will not constitute a criminal offense under section 29—12 of the Code (Ill. Rev. Stat. 1983, ch. 46, par. 29—12) unless that act or failure to act is a "knowing" one, thus eliminating the risk of conviction for mere inadvertence. That defendants' conduct was done knowingly is alleged in each of the informations contested here.

In sum, because the ballot return provisions of section 19—6 are mandatory, the knowing failure to comply with those provisions constitutes a criminal offense under section 29-12 of the Election Code (Ill. Rev. Stat. 1983, ch. 46, par. 29—12). This being the case, there is no dispute that defendants may be liable for committing that offense under a theory of accountability pursuant to sections 5—1 and 5—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, pars. 5—1, 5—2) or that they may be liable for solicitation to commit that offense under section 29—13 of the Election Code (Ill. Rev. Stat. 1983, ch. 46 par. 29—13). Accordingly the judgment of the circuit court of Hamilton County dismissing counts I and II of the informations filed against defendants is reversed, and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

KARNS and WELCH, JJ., concur.