THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BETTY HENSON, Defendant-Appellant.

Fifth District   No. 5—85—0600

Opinion filed November 6, 1986.

HARRISON, J., dissenting.

Reed, Heller & Mansfield, of Pinckneyville, for appellant.

Alan C. Downey, State's Attorney, of McLeansboro (Kenneth R. Boyle, Stephen E. Norris, and Matthew E. Franklin, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE KARNS delivered the opinion of the court:

Defendant, Betty Henson, appeals from her conviction, entered in the circuit court of Hamilton County, of two counts of the felony offense of mutilation of election materials (Ill. Rev. Stat. 1983, ch. 46, par. 29—6).

The testimony introduced during the bench trial revealed the following facts. On October 14, 1982, the defendant, a candidate for the office of County Clerk, and Betty Willis visited the home of Opal Prince. Harold Wayne Prince, Opal's son, a mentally disabled person who could not read but was able to write his name, and Otha Boykin, who could not read or write but could also write his name, cast their absentee ballots in the presence of defendant. The ballots were placed in envelopes and given to defendant who indicated that she would mail them. Defendant took the envelopes to her home and placed them in a dresser drawer in her bedroom. A campaign worker and several of defendant's employees from her flower shop were aware of the existence of the ballots in defendant's home. The election authorities received the ballots by mail on November 2, 1982. The trial court found that defendant was guilty beyond a reasonable doubt of knowingly concealing the ballots from the election authorities and sentenced defendant on both counts to one year of conditional discharge, with the sentences to run concurrently, and imposed a $100 fine and court costs for each offense. Defendant appeals.

The sole issue on appeal is whether the defendant's conduct constitutes concealment of the absentee ballots in violation of section 29—6 of the Election Code (the Code) (Ill. Rev. Stat. 1983, ch. 46, par. 29—6). Section 29—6 of the Code provides as follows:

"Mutilation of election materials. Any person who knowingly

destroys, mutilates, defaces, falsifies, forges, conceals or removes any record, register of voters, affidavit, return or statement of votes, certificate, tally sheet, ballot, or any other document or computer program which (a) is used or to be preserved for use in connection with registration, or (b) is used or to be preserved for use in connection with any election pursuant to this Code, except as permitted by provisions of this Code, shall be guilty of a Class 4 felony." (Ill. Rev. Stat. 1983, ch. 46, par. 29—6.)

The Code does not define "concealment." Defendant maintains that the concealment must be substantial or permanent in order to constitute a violation of the Code. Defendant claims that, because other persons viewed and handled the ballots kept in her home and because they were eventually mailed to the election authorities, the ballots had merely been stored for safekeeping, but had not been concealed. Defendant also points out that no tampering or alteration of the ballots had occurred.

■■ ■ The primary objective of statutory construction is to ascertain and effectuate the legislature's intent. (*In re Marriage of Logston* (1984), 103 Ill. 2d 266, 277, 469 N.E.2d 167, 171.) Terms of a statute that are not specifically defined must be construed with reference to the purpose and objective of the statute. (*Niven v. Siqueira* (1985), 109 Ill. 2d 357, 366, 487 N.E.2d 937, 942.) It is also appropriate to examine related statutes in an effort to ascertain legislative intent. *In re Marriage of Logston* (1984), 103 Ill. 2d 266, 283, 469 N.E.2d 167, 174.

■ With these rules of construction in mind, we first address defendant's contention that the absentee ballots were not concealed because other persons saw the ballots in defendant's home. Section 29—6 of the Code (Ill. Rev. Stat. 1983, ch. 46, par. 29—6) does not specifically provide from whom the ballots must be concealed in order for the offense to be committed. Section 29—6 of the Code does state that no person shall knowingly conceal a ballot, "except as permitted by provisions of this Code." (Ill. Rev. Stat. 1983, ch. 46, par. 29—6.) Section 19—6 of the Code, setting forth the requirements for the return of absentee ballots, provides that the envelope containing the ballot shall either be mailed or delivered in person by the voter to the election authority issuing the ballot. (Ill. Rev. Stat. 1983, ch. 46, par. 19—6.) This is a mandatory provision and, therefore, only the voter, the United States mail service and the election authorities are permitted to handle absentee ballots. (*People v. Hays* (1986), 142 Ill. App. 3d 754, 757-58, 492 N.E.2d 213, 215.) Given that only the voter, the

postal service and the election authorities are permitted to handle the ballots, we conclude, as did the trial court, that section 29—6 prohibits the concealment of ballots from the latter entity, which is ultimately responsible for conducting the election. Therefore, we reject defendant's contention that, simply because others were aware of the existence of the ballots in defendant's home, her conduct does not constitute concealment.

■ We must now determine whether the fact that defendant had only temporary possession of the ballots and that the ballots were eventually received by the election authorities prevents defendant from being guilty of concealing the ballots within the meaning of section 29—6 of the Code. (Ill. Rev. Stat. 1983, ch. 46, par. 29—6.) Defendant claims that the legislature's concern is not with the casual or temporary contact with ballots. According to defendant, the contact must be substantial or permanent. We disagree. "The entire theory underlying our ballot law is that 'once a ballot has been marked by a voter in secret, from that time on it shall not be subject to any opportunity for any other person to mar, change or erase it.' " (*People v. Hays* (1986), 142 Ill. App. 3d 754, 758, 492 N.E.2d 213, 215, quoting *Clark v. Quick* (1941), 377 Ill. 424, 430, 36 N.E.2d 563, 566.) The trial court's finding that defendant had concealed the ballots, albeit temporarily, is consistent with the statutory objective of preventing any unauthorized interference with the ballot once it has been cast by the voter. Furthermore, the opportunity to tamper with the ballots, both by defendant and others, was clearly present, as indicated by the undisputed fact that defendant brought the ballots to her home and allowed others to view and handle the ballots. Our determination that defendant was proved guilty beyond a reasonable doubt of knowingly concealing ballots from the election authorities is, therefore, not affected by the absence of any allegation of tampering. See *People v. Hays* (1986), 142 Ill. App. 3d 754, 758, 492 N.E.2d 213, 215.

For the reasons stated above, the judgment of the circuit court of Hamilton County is affirmed in all respects.

Affirmed.

WELCH, J., concurs.

HARRISON, J., dissenting:
I respectfully dissent.
While interference with absentee voting may constitute criminal conduct under section 19—6 of the Election Code (Ill. Rev. Stat. 1983,

454

ch. 46, par. 19—6) (see *People v. Hays* (1986), 142 Ill. App. 3d 754, 492 N.E.2d 213), defendant's conduct here does not constitute a violation of section 29—6 of the Code (Ill. Rev. Stat. 1983, ch. 46, par. 29—6). Section 29—6 addresses acts of a permanent nature, such as destruction, mutilation and falsification. Thus, I would hold that concealment under section 29—6 does not include temporary control over an absentee ballot when the ballot is later received by election authorities prior to the election and there is no intent to permanently conceal the ballot from election authorities. Therefore, I would reverse defendant's conviction.