NOTICE
Decision filed 05/10/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 200344-U

NO. 5-20-0344

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Saline County. |
| | ) | |
| v. | ) | No. 16-CF-342 |
| | ) | |
| WILLIAM A. PATTON, | ) | Honorable |
| | ) | Cord Z. Wittig, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Welch and Moore concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court's dismissal of the defendant's section 2-1401 petitions is affirmed where the defendant failed to establish that the trial court lacked subject matter jurisdiction.

¶ 2    Following the defendant's plea of guilty pursuant to a plea agreement that included the defendant being sentenced to 10 years' imprisonment, the trial court imposed the agreed sentence. On appeal, the defendant argues that the offense of possession of a stolen or converted vehicle is not a traffic offense as defined under the Illinois Vehicle Code (625 ILCS 5/1-100 *et seq.* (West 2016)) and, thus, the trial court lacked subject matter jurisdiction which renders his conviction for the offense void. The defendant asks that his conviction be reversed. For the following reasons, we affirm.

1

¶ 3                                    I. BACKGROUND

¶ 4      On October 13, 2016, the defendant was charged with possession of a stolen or converted motor vehicle, a Class 2 felony. 625 ILCS 5/4-103(a)(1) (West 2016). On June 7, 2017, the defendant entered into a plea agreement which provided for a sentence of 10 years' imprisonment. He did not file a postplea motion. The defendant thereafter appealed from this judgment.

¶ 5      On April 6, 2018, the appeal was dismissed at the defendant's request. On March 7, 2019, the defendant filed a postconviction petition and counsel was appointed. The defendant thereafter filed a *pro se* petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2016)) on November 1, 2019, arguing that the trial court did not have jurisdiction and his conviction was, therefore, void. A second petition for relief from judgment was filed on March 30, 2020. On April 6, 2020, the defendant's appointed counsel moved to withdraw from his representation regarding the postconviction petition pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *People v. Greer*, 212 Ill. 2d 192 (2004), stating there were no meritorious issues to be raised upon which the defendant could reasonably expect to gain relief from the court. The court granted counsel's motion and dismissed the defendant's postconviction petition.

¶ 6      On August 17, 2020, the defendant filed a third section 2-1401 petition for relief from judgment. On September 9, 2020, the State moved to dismiss the defendant's petition for relief from judgment based on the two-year statute of limitations set forth in section 2-1401(c) and further claimed that the defendant's allegations were without merit because the defendant was not convicted of a forcible felony. On October 7, 2020, the trial court dismissed the defendant's section 2-1401 petitions, finding them to be without merit.[1] The defendant now appeals.

---

[1]Because the defendant's initial section 2-1401 petition contained nearly identical allegations as his later petitions, we consider the court's order of October 7, 2020, to have disposed with all three pending petitions.

¶ 7                                II. ANALYSIS

¶ 8     "Whether a judgment is void or voidable presents a question of jurisdiction." *People v. Davis*, 156 Ill. 2d 149, 155 (1993). "Where jurisdiction is lacking, any resulting judgment rendered is void and may be attacked either directly or indirectly at any time." *Id*. (citing 5 Callahan's Illinois Criminal Procedure § 39.09 (1971)). Subject matter jurisdiction is determined by a court's power to hear and determine cases of the general class to which the action in question belongs. *People v. Castleberry*, 2015 IL 116916, ¶ 12. The defendant contends that because the offense of possession of a stolen or converted vehicle does not qualify as a vehicle code violation, the court did not have jurisdiction to convict him. Because the facts are undisputed and the issue raised is a purely legal one concerning the trial court's subject matter jurisdiction, our standard of review is *de novo*. *In re Detention of Hardin*, 238 Ill. 2d 33, 39 (2010).

¶ 9     A defendant usually has two years from the time of the entry of a judgment to file a petition for relief from judgment. 735 ILCS 5/2-1401(c) (West 2016). Nonetheless, the time limit does not apply to petitions brought on the basis of voidness. *People v. Dodds*, 2014 IL App (1st) 122268, ¶ 19. Because the defendant brought his section 2-1401 petitions on the grounds of voidness, the general time limit does not apply here.

¶ 10                        A. Illinois Supreme Court Rule 341

¶ 11    As a preliminary matter, we find the defendant has egregiously failed to comply with Illinois Supreme Court Rule 341. Ill. S. Ct. R. 341 (eff. Oct. 1, 2020). Compliance with these procedural rules is mandatory. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. A *pro se* litigant is not entitled to a more lenient standard than an attorney. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78; *People v. Fowler*, 222 Ill. App. 3d 157, 163 (1991). "In Illinois, parties choosing to

3

represent themselves without a lawyer must comply with the same rules and are held to the same standards as licensed attorneys." *Holzrichter*, 2013 IL App (1st) 110287, ¶ 78

¶ 12    Here, the defendant has not attached a certificate of compliance to his brief. Ill. S. Ct. R. 341(c) (eff. Oct. 1, 2020). Nor has he provided a table of contents with a summary statement of the points argued and the authorities cited in his argument. Ill. S. Ct. R. 341(h)(1) (eff. Oct. 1, 2020). The defendant further failed to include an introductory paragraph as required by Illinois Supreme Court Rule 341(h)(2) (eff. Oct. 1, 2020). Nor has he provided a statement of the issue or issues presented for review or a statement of jurisdiction. Ill. S. Ct. R. 341(h)(3), (h)(4) (eff. Oct. 1, 2020). Finally, the defendant's brief fails to cite to the record even once. Ill. S. Ct. R. 341(h)(7) (Oct. 1, 2020).

¶ 13    Citing to the record is particularly important because the reviewing court begins with the presumption that the trial court's ruling conformed with the law and facts. *Behrstock v. Ace Hose & Rubber Co.*, 147 Ill. App. 3d 76, 86 (1986). The defendant has the burden of overcoming this presumption. *Id*. Appellate courts are "entitled to have the issues clearly defined, [and] to be cited pertinent authorities." *Northwestern Memorial Hospital v. Sharif*, 2014 IL App (1st) 133008, ¶ 20. "The appellate court is 'not a depository in which the burden of the argument and research may be dumped.' " *McCann*, 2015 IL App (1st) 141291, ¶ 18 (quoting *Holzrichter*, 2013 IL App (1st) 110287, ¶ 80). It is within our discretion to strike the defendant's brief and dismiss this appeal for his failure to comply with the applicable rules of appellate procedure. *Id*. ¶ 12. In the interests of justice, however, we choose to address the merits of this appeal.

¶ 14                                    B. Merits of the Appeal

¶ 15    Criminal jurisdiction is established in this state pursuant to section 1-5 of the Criminal Code of 2012 (Criminal Code) (720 ILCS 5/1-5 (West 2016)), which provides in pertinent part:

4

"(a) A person is subject to prosecution in this State for an offense which he commits, while either within or outside the State, by his own conduct or that of another for which he is legally accountable, if:

(1) the offense is committed either wholly or partly within the State[.]"

¶ 16 Section 1-3 of the Criminal Code provides that "[n]o conduct constitutes an offense unless it is described as an offense in this Code or in another statute of this State." (Internal quotation marks omitted.) *People v. Howard*, 228 Ill. 2d 428, 437 (2008); 720 ILCS 5/1-3 (West 2016). "An act constitutes a criminal offense if it is described by statute as an offense or if a penalty is expressly provided in the statute proscribing the act." *People v. Hays*, 142 Ill. App. 3d 754, 757 (1986).

¶ 17 The defendant was charged under the Illinois Vehicle Code with possession of a stolen or converted vehicle pursuant to section 4-103 (625 ILCS 5/4-103 (West 2016)). It provides in pertinent part:

"(a) Except as provided in subsection (a-1), it is a violation of this Chapter for:

(1) A person not entitled to the possession of a vehicle or essential part of a vehicle to receive, possess, conceal, sell, dispose, or transfer it, knowing it to have been stolen or converted ***. ***

* * *

(b) *** A person convicted of a violation of this Section shall be guilty of a Class 2 felony." *Id.* § 4-103(a)(1), (b).

¶ 18 The supreme court, addressing whether an Election Code violation is a criminal offense, found that a "violation of a provision of the Election Code is a criminal offense." *People v. Ellis*, 74 Ill. 2d 489, 496 (1978). Our court held the same to be true in *People v. Hays*, another Election Code case, when it found that both of the above tests (*i.e.*, the offense was described as an offense and a penalty was provided for its violation) had been met. *Hays*, 142 Ill. App. 3d at 757.

¶ 19 In this case, the offense of possession of a stolen or converted vehicle also meets both tests as (1) it is described as an offense and (2) the statute expressly provides a penalty for its violation. 625 ILCS 5/4-103 (West 2016). Therefore, we find that possession of a stolen or converted vehicle is a criminal offense.

5

¶ 20    The defendant contends that since the offense does not meet the definition of "traffic" as set forth in the Illinois Vehicle Code, the trial court lacked subject matter jurisdiction under the Vehicle Code to convict him. However, the defendant cites no authority that supports his contention that a criminal offense's placement in the Vehicle Code precludes subject matter jurisdiction. As such, we find the contention forfeited. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 21    We find the defendant's reliance on *People v. M.R.*, 2018 IL App (2d) 170342, misplaced. In *M.R.*, the court was asked to determine whether the statute's codification of the offense of possession of a stolen motor vehicle in the Vehicle Code required it to be considered a "traffic offense" which is not subject to the Juvenile Court Act's exclusive jurisdiction and allows the State to prosecute the juvenile as an adult, or if the offense was a criminal offense necessitating that the juvenile be prosecuted in juvenile court. *Id.* ¶¶ 9-10. In finding that the offense was criminal in nature and not "traffic", the court noted, "[w]e fail to see how, when measured by this definition, the law proscribing possession of a stolen vehicle could be considered a traffic law." *Id*. ¶ 9. However, the *M.R.* court was not called upon to determine, nor did it address, whether the trial court had subject matter jurisdiction to convict a defendant of a criminal offense prosecuted under the Vehicle Code.

¶ 22    On the other hand, the supreme court in *Ellis* in essence found the trial court had the power to convict the defendant of a criminal offense prosecuted under a statute other than the Criminal Code when it stated, "[t]he conviction [of the Election Code violation] must stand." *Ellis*, 74 Ill. 2d at 496. Moreover, section 1-3 of the Criminal Code explicitly sets forth that "[n]o conduct constitutes an offense unless it is described as an offense in this Code or in another statute of this State." 720 ILCS 5/1-3 (West 2016). Had the legislature intended to limit a court's jurisdiction to convict a defendant of a criminal offense to only the Criminal Code, it most certainly could have

6

done so. There would be no need to state, "in another statute of this State." Therefore, we find that the trial court possessed subject matter jurisdiction to convict the defendant of possession of a stolen or converted vehicle, a criminal offense, that is codified in the Vehicle Code.

¶ 23    In keeping with the foregoing, we affirm the trial court's decision.


¶ 24    Affirmed.