THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
CHRISTOPHER SIMS, Defendant-Appellee.

Fourth District    No. 17369

Opinion filed February 25, 1982.

Chris E. Freese, State's Attorney, of Sullivan (Robert J. Biderman and James K. Horstman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Paul L. Stone, of Stone and Stone, of Sullivan, for appellee.

JUSTICE WEBBER delivered the opinion of the court:

The defendant, a minor, was charged with fleeing or attempting to elude a police officer, in violation of section 11—204(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1979, ch. 95½, par. 11—204(a)). Defendant was charged with the offense by means of a Uniform Illinois Traffic Citation and Complaint form. As the charge of fleeing or attempting to elude a police officer is a Class B misdemeanor, defendant could have been sentenced to a term of 6 months' imprisonment. Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—3(a)(2).

Defendant moved to dismiss the charge, alleging that the exception under section 2—7(2) of the Juvenile Court Act (Ill. Rev. Stat. 1979, ch. 37, par. 702—7(2)) allowing criminal prosecution of minors under the age of 17 years of age for traffic offenses applies only to traffic offenses for which no jail sentence is possible. The trial court allowed defendant's motion to dismiss, finding that the language of section 2—7(2) is ambiguous and construed it to mean that a minor may be prosecuted for any

traffic offense punishable by fine only or any other offense also punishable by fine only. The State now brings this appeal.

■■ The single issue presented for review, therefore, is whether section 2—7(2) of the Juvenile Court Act should be construed to mean that a minor may be prosecuted for a traffic offense punishable by imprisonment. We conclude that a minor may be prosecuted only for those offenses which are punishable by fine only and affirm the judgment of the trial court.

Section 2—7 of the Juvenile Court Act (Ill. Rev. Stat. 1979, ch. 37, par. 702—7) provides, in part, as follows:

> "(1) Except as provided in this Section, no minor who was under 17 years of age at the time of the alleged offense may be prosecuted under the criminal laws of this State or for violation of an ordinance of any political subdivision thereof.
>
> (2) Subject to paragraph (1) of Section 2—8, any minor alleged to have committed a traffic, boating or fish and game law violation or an offense punishable by fine only may be prosecuted therefor and if found guilty punished under any statute or ordinance relating thereto, without reference to the procedures set out in this Act."

The State contends that the use of "or" in section 2—7(2) must be used as a disjunctive, indicating an intent by the legislature that minors may be criminally prosecuted for traffic, boating, and fish and game violations and sentenced to terms of imprisonment. We do not believe that it was the intent of the legislature to provide protection to minors charged with criminal offenses punishable by imprisonment but not to provide such protections to minors charged with traffic violations or fish and game violations in which imprisonment is a possibility. We believe that the language found in section 2—7(2), "or an offense punishable by fine only," is language modifying the preceding language in section 2—7(2). We therefore construe section 2—7(2) to mean that any minor alleged to have committed a traffic, boating, or fish and game violation punishable by fine only, or any other offense punishable by fine only, may be prosecuted therefor.

■■ The first purpose of the Juvenile Court Act is not to punish minors but to correct. (Ill. Rev. Stat. 1979, ch. 37, par. 701—2; *In re Armour* (1974), 59 Ill. 2d 102, 319 N.E.2d 496.) The Juvenile Court Act is to be liberally construed to carry out the foregoing purpose. (Ill. Rev. Stat. 1979, ch. 37, par. 701—2.) If the purpose of the Juvenile Court Act is in guiding and rehabilitating minors, we can discern no rationale nor intent by the legislature that minors accused of traffic offenses punishable by imprisonment should not be afforded the same protections and safeguards as minors charged with other criminal offenses.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

MILLS and LONDRIGAN, JJ., concur.