THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* BRADLEY S. FOLKERS, Defendant-Appellee.

Third District No. 82—587

Opinion filed March 4, 1983.

Gary L. Spencer, State's Attorney, of Morrison (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Robert Agostinelli and Stephen Omolecki, both of State Appellate Defender's Office, of Ottawa, for appellee.

JUSTICE ALLOY delivered the opinion of the court:

The decision in this case requires that we interpret the meaning of section 2—7 of the Juvenile Court Act (Ill. Rev. Stat. 1981, ch. 37, par. 702—7). The State appeals from an order of the circuit court dismissing the complaint against a minor defendant charged with a traffic violation. We reverse and remand.

The defendant, Bradley S. Folkers, was issued a traffic citation for driving while under the influence of intoxicating liquor, in violation of section 11—501 of the Illinois Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501). Such a violation is punishable by imprisonment. It was shown at the arraignment that the defendant was 16 years old. The trial judge dismissed the charge against the defendant based upon the recent decision in *People v. Sims* (1982), 104 Ill. App. 3d 55, 432 N.E.2d 633, that a minor may not be prosecuted for a traffic offense punishable by imprisonment.

Section 2—7 of the Juvenile Court Act (hereafter the Act) provides that:

"(1) Except as provided in this Section, no minor who was under 17 years of age at the time of the alleged offense may be prosecuted under the criminal laws of this State or for violation of an ordinance of any political subdivision thereof.

(2) Subject to paragraph (1) of Section 2—8, any minor alleged to have committed a traffic, boating or fish and game law violation or an offense punishable by fine only may be prosecuted therefor and if found guilty punished under any statute or ordinance relating thereto, without reference to the procedures set out in this Act."

The State argues on appeal that the phrase "punishable by fine only," as contained in section 2—7(2), modifies only "an offense" and not "a traffic, boating or fish and game law violation." Under the State's interpretation, a minor could be prosecuted for any traffic, boating or fish and game law violation regardless of the potential punishment for such violation.

The defendant relies on the reasoning and decision in *People v. Sims* (1982), 104 Ill. App. 3d 55, 432 N.E.2d 633. In *Sims*, as in the instant case, a minor under the age of 17 was charged with a traffic violation which carried a potential sentence of imprisonment. Defendant Sims successfully argued that the exception contained in section 2—7(2) of the Act which allows for prosecution of minors under the age of 17 for traffic violations is limited to those violations which carry as punishment a fine only. The trial court agreed and dismissed the charge against Sims. This decision was affirmed on appeal.

The reviewing court in *Sims* concluded that the language, "or an offense punishable by fine only," modified the preceding language in section 2—7(2). In reaching this conclusion, the court noted that the first purpose of the Act is to correct rather than punish minors. (Ill. Rev. Stat. 1981, ch. 37, par. 701—2; *In re Armour* (1974), 59 Ill. 2d 102, 319 N.E.2d 496.) Given this purpose, the court reasoned: "We do not believe that it was the intent of the legislature to provide protection to minors charged with criminal offenses punishable by imprisonment but not to provide such protections to minors charged with traffic violations or fish and game violations in which imprisonment is a possibility." (*People v. Sims* (1982), 104 Ill. App. 3d 55, 56, 432 N.E.2d 633, 634.) The court therefore held that a minor may be prosecuted only for those offenses which are punishable by fine only.

 This court addresses this issue for the first time. While the reasoning of the court in *Sims* is persuasive, we must respectfully disagree with that court's interpretation of the statute. The primary rule of statutory construction is to ascertain and give effect to the intent and meaning of the legislature. (*People ex rel. Carey v. Power* (1975), 59 Ill. 2d 569, 322 N.E.2d 476.) We conclude that it was the intent of the legislature to provide that minors under the age of 17 may be prosecuted for either an offense which is punishable by fine only or for any violation of the laws listed in the statute, *i.e.*, traffic, boating, fish or game laws.

 We recognize that a general rule of statutory construction is that exceptions within a statute are to be strictly construed. (*People v. Lofton* (1977), 69 Ill. 2d 67, 370 N.E.2d 517.) Clearly, section 2—7(2) provides exceptions to the general rule that minors under the age of 17 are to be prosecuted only under the terms of the Act. However, a statute should also be construed, where possible, so that no clause is rendered meaningless or superfluous. (*People v. Lofton* (1977), 69 Ill. 2d 67, 72, 370 N.E.2d 517, 519.) To find that the exceptions provided in section 2—7(2) are limited to offenses punishable by fine only would render the phrase "traffic, boating or fish and game law violation"

meaningless and superfluous. The phrase "an offense punishable by fine only" would clearly encompass those laws specifically enumerated in the previous language. The listing of these four distinct areas of law would therefore be superfluous and meaningless. We cannot assume that the legislature randomly chose to employ the phrase "traffic, boating or fish and game law." We must assume instead that this was a knowing and intentional choice of the legislature which must be given effect by this court.

In reaching this conclusion we further note that the activities specifically mentioned in the statute are activities, such as driving an automobile and hunting, which are generally engaged in by those close to the statutory age of 17. In civil negligence actions, minors engaged in such adult activity are generally held to an adult standard of care. (Restatement (Second) of Torts sec. 283A (1965).) That the laws specifically mentioned in section 2—7(2) are those which govern traditionally adult activity supports our conclusion that minors violating these laws are without the protection afforded them by section 2—7(1) of the Act.

Clearly, the purpose of the Juvenile Court Act is to correct rather than punish minors. Section 2—7(2), however, is devoted to exceptions to the protection afforded such minors by the Act. Given the language of section 2—7(2) and its implications, we must conclude, with all due respect, that the purpose of this legislation is to except a minor under the age of 17 from the provisions of section 2—7(1) when a minor either commits an offense punishable by fine only or, also, if he violates any traffic, boating or fish and game law.

For the reasons discussed above, the judgment of the circuit court of Whiteside County is reversed, the charge is reinstated, and the cause is remanded for further proceedings in accord with this decision.

Reversed, reinstated and remanded.

SCOTT and BARRY, JJ., concur.