THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. DONALD W. WILSON, JR., Defendant-Appellee.

First District (3rd Division)   No. 82—1224

Opinion filed April 17, 1985.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, David A. Stoioff, and Stephen E. Eberhardt, Assistant State's Attorneys, of counsel), for the People.

Denise Hertz-McGrath, of Chicago, for appellee.

JUSTICE RIZZI delivered the opinion of the court:

On September 19, 1981, and December 26, 1981, the juvenile defendant, Donald W. Wilson, Jr., was charged with various violations

of the Liquor Control Act and the Motor Vehicle Code. Some of the offenses were Class A and Class C misdemeanors, which carry potential jail sentences. Defendant moved to dismiss the complaints for lack of jurisdiction, claiming that under section 2—7 of the Juvenile Court Act (Ill. Rev. Stat. 1981, ch. 37, par. 702—7), he was required to be tried pursuant to that Act since the violations were not punishable by fine only. The trial court granted the motion, and the State appeals. We affirm in part and reverse and remand in part.

Section 2—7 of the Juvenile Court Act (Ill. Rev. Stat. 1981, ch. 37, par. 702—7) provides:

> "(1) Except as provided in this Section, no minor who was under 17 years of age at the time of the alleged offense may be prosecuted under the criminal laws of this State or for violation of an ordinance of any political subdivision thereof.
>
> (2) Subject to paragraph (1) of Section 2—8, any minor alleged to have committed à traffic, boating or fish and game law violation or an offense punishable by fine only may be prosecuted therefor and if found guilty punished under any statute or ordinance relating thereto, without reference to the procedures set out in this Act."

Two appellate court districts have interpreted the meaning of these provisions, and in so doing have reached opposite conclusions.

In *People v. Sims* (1982), 104 Ill. App. 3d 55, 432 N.E.2d 633, on which the court in the present case relied in granting defendant's motion to dismiss, the fourth district construed section 2—7(2) to mean "that any minor alleged to have committed a traffic, boating, or fish and game violation punishable by fine only, or any other offense punishable by fine only, may be prosecuted therefor." (104 Ill. App. 3d 55, 56, 432 N.E.2d 633, 634.) In support of its interpretation, the court looked to the purpose of the Juvenile Court Act, which is to correct, not punish, minors.

Subsequently, the third district addressed this same issue, and it rejected the *Sims* interpretation of section 2—7(2). (*People v. Folkers* (1983), 112 Ill. App. 3d 1007, 446 N.E.2d 311.) While the *Folkers* court found the reasoning in *Sims* persuasive, it nevertheless concluded that the *Sims* interpretation did not give effect to the intent of the legislature. We agree.

■■ ■ As the *Folkers* court pointed out, the *Sims* construction would render the phrase "traffic, boating or fish and game law violation" meaningless and superfluous. (112 Ill. App. 3d 1007, 1009-10, 446 N.E.2d 311, 312.) Under the rules of statutory construction, where a statute can be reasonably interpreted so as to give effect to

all its provisions, a court will not adopt a strained reading which renders one part superfluous. (*Panarese v. Hosty* (1982), 104 Ill. App. 3d 627, 628-29, 432 N.E.2d 1333, 1335.) Furthermore, while the *Folkers* court acknowledged the purpose underlying the Juvenile Court Act, it recognized that section 2—7(2) sets forth exceptions to that Act and found that the language and implications of section 2—7(2) show that "the purpose of this legislation is to except a minor under the age of 17 from the provisions of section 2—7(1) when a minor either commits an offense punishable by fine only or, also, if he violates any traffic, boating or fish and game law." (*People v. Folkers* (1983), 1007, 1010, 446 N.E.2d 311, 313.) Since we believe that this interpretation more accurately reflects the legislative intent underlying the statute, we follow the decision in *Folkers* rather than *Sims*.

Our decision to follow *Folkers* is strengthened by the fact that on September 8, 1982, approximately six months after *Sims* was decided, the legislature amended section 2—7(2) to read:

"Subject to paragraph (5) of Section 3—6 [not relevant here] any minor alleged to have committed a traffic, boating or fish and game law violation *whether or not the violation is punishable by imprisonment* or an offense punishable by fine only may be prosecuted therefor and if found guilty punished under any statute or ordinance relating thereto, without reference to the procedures set out in this Act." (Pub. Act 82—973.)

The legislature's decision to reword this provision in a manner rendering the *Sims* construction impossible shortly after *Sims* was decided clearly supports the conclusion that the *Sims* interpretation was contrary to the legislative intent.

■ Accordingly, the trial court's order granting defendant's motion to dismiss is reversed and the cause is remanded for further proceedings, with the exception of the misdemeanor complaint for the offense of consumption of alcoholic liquor by a minor. Since this charge does not involve an offense punishable by fine only, or a violation of any traffic, boating or fish and game law, it was properly dismissed.

Affirmed in part; reversed and remanded in part.

WHITE, P.J., and McGILLICUDDY, J., concur.