THE CITY OF CHAMPAIGN, Plaintiff-Appellee, v. MONTRELL D.H., Defendant-Appellant.

Fourth District    No. 4—02—0125

Opinion filed February 7, 2003.

COOK, J., dissenting.

Daniel D. Yuhas and Jenifer L. Johnson, both of State Appellate Defender's Office, of Springfield, for appellant.

Frederick C. Stavins, City Attorney, of Champaign (Rhonda R. Olds, Assistant City Attorney, of counsel), for appellee.

JUSTICE TURNER delivered the opinion of the court:

In June 2001, plaintiff, the City of Champaign, filed a complaint against defendant, Montrell D.H., alleging he violated article 8, section 23—211(b), of the Champaign Code of Ordinances, 1985, as amended (Champaign Code) (Champaign Code of Ordinances, art. 8, § 23—211 (1985)). Defendant, 15 years old and *pro se*, pleaded guilty to the charge, and the trial court placed defendant on six months' supervision with certain conditions. In August 2001, plaintiff filed a petition for adjudication of indirect criminal contempt, asserting defendant violated his supervision conditions on three occasions. After a stipulated bench trial, the trial court found defendant guilty as alleged in the petition. After a November 2001 sentencing hearing, the trial court sentenced defendant to 60 days' detention and 12 months' conditional discharge. In December 2001, the trial court denied defendant's motion to reconsider his sentence. In March 2002, this court granted defendant's motion for leave to file a late notice of appeal.

On appeal, defendant argues section 5—125 of the Juvenile Court

Act of 1987 (Act) (705 ILCS 405/5—125 (West 2000)) violates his equal protection and due process rights. We affirm.

## I. BACKGROUND

Plaintiff's complaint alleged that on May 17, 2001, at approximately 12:03 a.m., defendant, 15 years old, was upon a public sidewalk after 11 p.m. on Wednesday night and before 5 a.m. on Thursday morning and not accompanied by a parent, guardian, or other adult person having custody of defendant. On July 6, 2001, defendant appeared with his mother and pleaded guilty to the charge. The trial court entered an order, placing defendant under supervision until January 4, 2002, with several conditions, requiring defendant to (1) "not violate any criminal or municipal statutes" and (2) "[o]bey all household rules."

On August 24, 2001, plaintiff filed a petition for adjudication of indirect criminal contempt, alleging defendant (1) committed retail theft in violation of article 4, section 23—69(b)(1), of the Champaign Code (Champaign Code of Ordinances, art. 4, § 23—69(b)(1) (1985)), on August 14, 2001; (2) left his residence without his mother's consent on August 3, 2001; and (3) left his residence without his mother's consent on August 17, 2001.

On September 7, 2001, defendant's court-appointed counsel filed a motion to dismiss the charge for lack of subject-matter jurisdiction, asserting (1) indirect criminal contempt is a separate action that requires another case number and (2) section 5—125 of the Act prohibits a municipal court from placing a minor in detention. On October 5, 2001, the trial court denied defendant's motion and found defendant guilty after a stipulated bench trial.

On November 2, 2001, the trial court sentenced defendant to 60 days' detention with 3 days to be served immediately and 57 days to be served in the future on remission and 12 months' conditional discharge. On November 19, 2001, defendant filed a motion to reconsider sentence, contending the court lacked jurisdiction to impose the term of conditional incarceration. On December 21, 2001, the trial court denied defendant's motion. This appeal followed.

## II. ANALYSIS

Defendant argues his underlying conviction for violating article 8, section 23—211(b), of the Champaign Code is void because section 5—125 of the Act (705 ILCS 405/5—125 (West 2000)), which exempts ordinance-violation prosecutions from the procedures set forth in the Act, violates his equal protection and due process rights.

In *City of Urbana v. Andrew N.B.*, 335 Ill. App. 3d 180, 187-88 (2002), this court held that section 5—125 of the Act did not violate a juvenile defendant's equal protection and due process rights.

We note that, on appeal, defendant does not challenge the indirect criminal contempt proceedings or his detention sentence. Accordingly, we do not address those issues, nor Justice Cook's dissent.

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

APPLETON, J., concurs.

JUSTICE COOK, dissenting:

I respectfully dissent.

Section 5—125 of the Act states:

> "Concurrent Jurisdiction. Any minor alleged to have violated a traffic, boating, or fish and game law, or a municipal or county ordinance, may be prosecuted for the violation and if found guilty punished under any statute or ordinance relating to the violation, without reference to the procedures set out in this [a]rticle, *except that any detention*[ ] *must be in compliance with this* [a]*rticle.*" (Emphasis added.) 705 ILCS 405/5—125 (West 2000).

In this case, and in *Andrew N.B.*, cited by the majority, the juvenile defendants were prosecuted for ordinance violations without reference to the procedure set out in the Act. The juvenile defendants were cited for indirect criminal contempt. The indirect criminal contempt proceedings were a continuation of the ordinance violation cases. See *Andrew N.B.*, 335 Ill. App. 3d at 188-89, (rejecting defendant's argument that the indirect criminal contempt proceeding was a separate case). Section 5—125 allows juveniles to be prosecuted for municipal violations without reference to the procedure set out in the Act, "*except that any detention*[ ] *must be in compliance with this* [a]*rticle.*" (Emphasis added.) 705 ILCS 405/5—125 (West 2000). The detentions of the juvenile defendants in this case and in *Andrew N.B.* were not in compliance with the procedures set forth in the Act. As such, the detentions plainly violated the clear requirement of section 5—125 that "*any detention*[ ] *must be in compliance with this* [a]*rticle.*" (Emphasis added.) 705 ILCS 405/5—125 (West 2000). Therefore, the order incarcerating defendant must be reversed.

It makes sense that a minor can be prosecuted for a minor municipal ordinance violation just like anyone else, without the necessity of commencing a Juvenile Court Act proceeding. The juvenile defendants in these cases, however, were not prosecuted just like anyone else. The court did not employ indirect criminal contempt as a method to collect the fine, but as a substitute juvenile court, as a

means of guiding the actions of the juvenile defendants. The court's actions seem well-intentioned but the court should not have evaded the provisions of the Act. An indirect criminal contempt proceeding is essentially a misdemeanor criminal proceeding. *In re Marriage of Betts*, 200 Ill. App. 3d 26, 44, 558 N.E.2d 404, 416 (1990). The Act must be followed if a juvenile is prosecuted for a criminal misdemeanor.

Even more basically, how can an ordinance violation with a maximum punishment of a $75 fine be transformed, by going the indirect criminal contempt route, into an offense carrying at least 8 days of jail time and perhaps 180 days of jail time? The court is entitled to take reasonable steps for the collection of the $75 fine but that was not its goal in these cases.

*Andrew N.B.* suggests that "because the remaining 172 days were subject to remission, it was entirely within [the juvenile's] power to avoid serving them." *Andrew N.B.*, 335 Ill. App. 3d at 188. That is generally not true of criminal contempt. There is a coercive purpose, an "arm-twisting" purpose, for civil contempt sanctions, but the result of an indirect criminal contempt is punishment, "much the same as the rationale for punishing other types of misdemeanor criminal conduct." *Betts*, 200 Ill. App. 3d at 44, 558 N.E.2d at 416.