# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Markley*, 2013 IL App (3d) 120201

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MEAGAN M. MARKLEY, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-12-0201 |
| Rule 23 Order filed<br>Motion to publish<br>allowed<br>Opinion filed | December 12, 2012<br><br>January 31, 2013<br>January 31, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Two counts of aggravated reckless driving were properly filed against defendant, who was 16 at the time, and on appeal from her conviction and sentence to 24 months' imprisonment, the appellate court rejected her contention that the concurrent jurisdiction statute unconstitutionally prohibited the trial court from considering her youth before transferring the case to adult court and subjected her to adult sentencing, since the statute is rationally based on the adult nature of offenses allowed to be prosecuted in adult court, it did not violate her eighth amendment rights or the proportionality clause, and the sentence was supported by the trial court's conclusion that the deaths of two passengers as a result of defendant's reckless conduct required "more than a slap on the hand." |
| Decision Under Review | Appeal from the Circuit Court of Fulton County, No. 11-CF-14; the Hon. William C. Davis, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Anthony W. Vaupel, of Barash & Everett, LLC, of Galesburg, for appellant.

John Clark, State's Attorney, of Lewistown (Terry A. Mertel and Mark A. Austill, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE McDADE delivered the judgment of the court, with opinion.
Presiding Justice Wright and Justice Schmidt concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Meagan M. Markley, was convicted of two counts of aggravated reckless driving (625 ILCS 5/11-503(a)(1) (West 2010)) and sentenced to 24 months' imprisonment. On appeal, defendant argues that: (1) the trial court erred in failing to dismiss the matter or transfer it to the juvenile court; (2) the concurrent jurisdiction statute violates the federal and state constitutions; (3) the trial court erred in convicting her of aggravated reckless driving; and (4) her sentence was an abuse of discretion. We affirm.

¶ 2                                        FACTS

¶ 3    On January 7, 2011, the State charged defendant by information with two counts of aggravated reckless driving (625 ILCS 5/11-503(a)(1) (West 2010)). The charges were filed in Fulton County criminal court. At the time of charging, defendant was 16 years of age. Defendant filed a motion to dismiss or transfer the case to the juvenile court. The trial court denied her motion, and the case proceeded to a stipulated bench trial.

¶ 4    The parties stipulated that on April 3, 2010, defendant was driving her vehicle on Roberts Road in Fulton County, Illinois. Levi Sloan, Anissa Morgan, and Rachel Anderson were passengers in the vehicle. The posted speed limit was 55 miles per hour, and defendant was driving between 80 and 115 miles per hour. Defendant lost control of the vehicle and crashed into a utility pole. The Illinois state police identified a "slight dip" in the road near the point where defendant lost control of the vehicle. Toxicology reports confirmed that defendant did not have drugs or alcohol in her system, and witness statements and information subpoenaed from Verizon Wireless confirmed that defendant was not distracted by cellular telephone use. Anissa Morgan and Rachel Anderson died as a result of injuries they sustained in the crash. In a police interview, defendant admitted that Anderson liked the "butterfly feeling as they went over little dips in the road." Sloan told police that defendant was "not going super-fast," but the front wheels of defendant's vehicle came off the ground as they went over a rise near Seven Hills Road. Thereafter, defendant swerved to stay out of a ditch and lost control of the vehicle.

¶ 5    After arguments on the stipulation, the trial court found that defendant operated her vehicle in excess of 100 miles per hour on a secondary rural road that was not designed for high-speed travel. Defendant lost control of her vehicle after hitting a pothole. The court stated that although there was no evidence that defendant was familiar with the road, even if she had been familiar with the road and its defects, her act of driving over 100 miles per hour constituted reckless driving. Alternatively, if defendant was unfamiliar with the road, she would not know what dangers or defects lay ahead and this, too, constituted reckless driving. The court convicted defendant of two counts of aggravated reckless driving.

¶ 6    Before pronouncing defendant's sentence, the court stated that it had considered all of the evidence. The court went through the statutory factors in aggravation, noting that (1) defendant's conduct caused or threatened serious harm, (2) the sentence was necessary to deter others from committing the same offense, and (3) defendant committed the offense of aggravated reckless driving and was operating a motor vehicle in excess of 20 miles per hour over the posted speed limit. See 730 ILCS 5/5-5-3.2(a)(1), (7), (21) (West 2010). The court found that the second factor in mitigation, *i.e.*, that "defendant did not contemplate that [her] criminal conduct would cause or threaten serious physical harm to another," did not apply. 730 ILCS 5/5-5-3.1(a)(2) (West 2010). However, it found in mitigation that: (1) defendant did not have a history of prior delinquency or criminal activity, and she led a law-abiding life for a substantial period of time before committing the present crime; (2) defendant's character and attitude indicated that she was unlikely to commit another crime; and (3) defendant was particularly likely to comply with the term of a period of probation. See 730 ILCS 5/5-5-3.1(a)(7), (8), (10) (West 2010). The court noted that a young person generally gets a more lenient sentence; however, defendant's first criminal offense was so serious that her sentence required "far more than a slap on the hand." The court sentenced defendant to 28 months' imprisonment in the Department of Corrections. Defendant filed a motion to reconsider sentence, and the court amended defendant's sentence to 24 months' imprisonment. Defendant appeals.

¶ 7                                    ANALYSIS
¶ 8                                  I. Jurisdiction
¶ 9    Defendant argues that Illinois law required that her case be filed in the juvenile court. Defendant contends that the Juvenile Court Act of 1987 (Act) (705 ILCS 405/1-1 *et seq.* (West 2010)), requires that a minor facing jail time must receive the protections of the Act. See *People v. Sims*, 104 Ill. App. 3d 55 (1982). As defendant's offense was punishable by a prison sentence, defendant concludes that it should have been prosecuted in the juvenile court.

¶ 10    Defendant's first issue presents a question of law, which we review *de novo*. *People v. Bradley M.*, 352 Ill. App. 3d 291 (2004). The Act provides that minors may be prosecuted in adult criminal court for certain matters. Specifically, section 5-125 of the Act (hereinafter the concurrent jurisdiction statute) provides:

"Any minor alleged to have violated a traffic, boating, or fish and game law, or a municipal or county ordinance, may be prosecuted for the violation and if found guilty

punished under any statute or ordinance relating to the violation, without reference to the procedures set out in this Article, except that any detention, must be in compliance with this Article." 705 ILCS 405/5-125 (West 2010).

This version of the statute became effective on January 1, 1999. Pub. Act 90-590 (eff. Jan. 1, 1999) (amending 705 ILCS 405/5-125).

¶ 11 We find that the plain language of the statute provides prosecutors with the discretion to file a minor's traffic offense in either juvenile court or adult traffic court. We are not persuaded by defendant's argument that offenses punishable by a prison sentence should be tried solely in juvenile courts.

¶ 12 Defendant relies on *Sims* in support of her claim. The statute at issue in *Sims* read: "any minor alleged to have committed a traffic, boating or fish and game law violation *or an offense punishable by fine only* may be prosecuted therefor and if found guilty punished under any statute or ordinance relating thereto, without reference to the procedures set out in this Act." (Emphasis added.) Ill. Rev. Stat. 1979, ch. 37, ¶ 702-7(2). The *Sims* court interpreted the language, "or an offense punishable by fine only" as modifying the preceding language and permitting criminal prosecution of a minor charged with a traffic violation if punishable by only a fine. *Sims*, 104 Ill. App. 3d at 56. In *People v. Folkers*, 112 Ill. App. 3d 1007 (1983), this court disagreed with the *Sims* interpretation. We held that "it was the intent of the legislature to provide that minors *** may be prosecuted for either an offense which is punishable by fine only or for any violation of the laws listed in the statute." *Folkers*, 112 Ill. App. 3d at 1009. Although the "offense punishable by fine" language was removed from the current version of the statute, we reaffirm our holding in *Folkers*.

¶ 13 Since the *Folkers* and *Sims* cases, the legislature has amended the expressed purpose of the Act. The amendment provides further support for our conclusion. In *Sims*, the court reasoned, in part, that the purpose of the Act was "not to punish minors but to correct." *Sims*, 104 Ill. App. 3d at 56; Ill. Rev. Stat. 1979, ch. 37, ¶ 701-2. From this purpose, the court was unable to discern a rationale or intent by the legislature that minors accused of traffic offenses punishable by imprisonment "should not be afforded the same protections and safeguards as minors charged with other criminal offenses." *Sims*, 104 Ill. App. 3d at 56. In the 1998 amendments to the Act, the legislature expressed four purposes: (1) protect citizens from juvenile crime; (2) hold each juvenile offender directly accountable for his or her acts; (3) provide an individualized assessment of each alleged and adjudicated delinquent juvenile in order to rehabilitate and to prevent further delinquent behavior; and (4) provide due process to ensure each juvenile offender and all other interested parties are assured fair hearings at which legal rights are recognized and enforced. 705 ILCS 405/5-101(1)(a) to (d) (West 2010). Unlike the earlier version of the Act reviewed in *Sims*, the legislature emphasized the importance of juvenile accountability and the need to rehabilitate the offender. 705 ILCS 405/5-101 (West 2010). As defendant was charged with an act enumerated under the concurrent jurisdiction statute, we find that it was the intent of the legislature that, should the prosecutor so charge, defendant answer to an adult level of accountability. See *Folkers*, 112 Ill. App. 3d 1007 (comparing the offenses covered under the concurrent jurisdiction statute to civil negligence actions where minors engaged in adult activities were generally held to an adult standard of care).

¶ 14    We conclude that the legislature intended to except certain activities from prosecution as a juvenile matter under the Act. To this end, the legislature endowed prosecutors with the discretion to file traffic, boating, fishing and game law, and ordinance violations in juvenile court or in adult criminal court. Here, the State exercised its discretion to file charges against defendant in adult court, and the trial court correctly concluded that it did not have discretion to transfer the case to the juvenile court.

¶ 15                    II. Constitutionality of the Concurrent Jurisdiction Statute

¶ 16    Defendant argues that the concurrent jurisdiction statute violates her due process rights, the eighth amendment of the United States Constitution, and the proportionality clause of the Illinois Constitution. U.S. Const., amend. VIII; Ill. Const. 1970, art. I, § 11. Defendant contends that the statute did not permit the court to consider her youthfulness before her case was transferred to adult court. See *Kent v. United States*, 383 U.S. 541 (1966). According to defendant, the statute is ambiguous because it provides that a minor "may be prosecuted" without reference to the Act. 705 ILCS 405/5-125 (West 2010). Defendant also contends that the concurrent jurisdiction statute improperly subjects juvenile offenders to adult sentencing without consideration of their youthfulness. See *Graham v. Florida*, 560 U.S. ___, 130 S. Ct. 2011 (2010); *Roper v. Simmons*, 543 U.S. 551 (2005).

¶ 17    We review questions concerning the constitutionality of a statute *de novo*. *People v. Sharpe*, 216 Ill. 2d 481 (2005).

¶ 18    Initially, we note that our supreme court has ruled that the concurrent jurisdiction statute does not violate a minor's equal protection or due process rights. *City of Urbana v. Andrew N.B.*, 211 Ill. 2d 456 (2004). However, the court's due process holding in that case specifically addressed a juvenile's due process right to counsel. *Id.* In *City of Champaign v. Montrell D.H.*, 336 Ill. App. 3d 558 (2003), *rev'd on other grounds*, *Andrew N.B.*, 211 Ill. 2d 456, the court held that the concurrent jurisdiction statute, generally, did not violate a minor's procedural due process rights. Consequently, the issue presented here, *i.e.*, whether the concurrent jurisdiction statute violates a minor's due process right to have her youthfulness considered before her case is transferred to an adult court, is a question of first impression.

¶ 19    In *Kent*, 383 U.S. 541, the Supreme Court reviewed a provision of the District of Columbia juvenile court act that allowed its juvenile courts to waive jurisdiction if a juvenile was 16 years of age or older and she was charged with an offense that would amount to a felony if an adult were charged with the same offense. The Court found that the statute violated procedural due process because it gave the "Juvenile Court a substantial degree of discretion as to the factual considerations to be evaluated, the weight to be given them and the conclusion to be reached." *Kent*, 383 U.S. at 553.

¶ 20    We find that the *Kent* holding is inapplicable to the present case. In support, we note that our supreme court held in *People v. J.S.*, 103 Ill. 2d 395 (1984), that *Kent* does not apply to the automatic transfer provision of the Act (Ill. Rev. Stat. 1983, ch. 37, ¶ 702-7(6)) because, unlike the statute at issue in *Kent*, the automatic transfer provision does not grant the court discretion to transfer juveniles to adult court if they have committed one of the enumerated

offenses.

¶ 21    In *J.S.*, the court applied the "rational basis" test to evaluate whether the automatic transfer provision of the Act comported with a juvenile's substantive due process guarantee. *J.S.*, 103 Ill. 2d 395. Under the rational basis test, a statutory provision passes constitutional challenge if it is rationally related to a legitimate state interest. *Id.* The court held that the automatic transfer provision was rationally related based on the age of the offender and the threat posed by the offense to the victim and the community because of its violent nature and frequency of commission. *Id.*

¶ 22    Applying the rational basis test to the concurrent jurisdiction statute, we find that the statute was rationally based on the adult nature of the enumerated categories of offenses, the threat posed by the offenses, and the frequency of commission. The statute does not grant the court discretion to transfer juvenile cases; rather, the legislature's use of "may" provides prosecutors with discretion to file traffic, boating, fish and game law, or ordinance violations in adult court. This is consistent with prosecutors' broad discretion to decide whether to file charges, and which charges to file. See *People v. Peterson*, 397 Ill. App. 3d 1048 (2010). Thus, we conclude that the concurrent jurisdiction statute does not violate a juvenile's due process rights and is not ambiguous.

¶ 23    Finally, defendant cites the United States Supreme Court's *Graham* and *Roper* decisions for the proposition that it is not rational to exclude minors from juvenile court without a hearing and where there is not a penological justification for adult sentencing practices to apply. We are unpersuaded. In *Graham*, 560 U.S. ___, 130 S. Ct. 2011, the Court held that the eighth amendment prohibited the imposition of a sentence of life without parole on a juvenile offender. In *Roper*, 543 U.S. 551, the Court held that the imposition of a death sentence for a defendant who committed a capital crime before the age of 18 was prohibited by the eighth amendment. The *Graham* and *Roper* decisions reviewed the constitutionality of sentencing statutes. *People v. Salas*, 2011 IL App (1st) 091880. Here, defendant challenges a statute which vests prosecutors with the discretion to charge certain crimes as either adult or juvenile offenses. Therefore, we find the *Graham* and *Roper* reasoning to be inapplicable.

¶ 24    To the extent defendant was subject to adult sentencing via the concurrent jurisdiction statute, we find that her sentence was less severe and more proportional to the offense defendant was convicted of than the sentences in *Graham* and *Roper*. We conclude that defendant has not demonstrated that the concurrent jurisdiction statute violated her eighth amendment rights or the proportionality clause of the Illinois Constitution.

¶ 25                                                    III. Conviction

¶ 26    Defendant argues that the trial court erred in convicting her of aggravated reckless driving where the physical acts of the offense and requisite mental state were derived solely from the speed at which she operated her vehicle.

¶ 27    We review the issue *de novo* because the facts are not in dispute. *People v. Smith*, 191 Ill. 2d 408 (2000). To be convicted of aggravated reckless driving, the State must prove that defendant drove her vehicle with willful or wanton disregard for the safety of persons or

property and the violation resulted in great bodily harm to another. 625 ILCS 5/11-503 (West 2010). Reckless driving cases fall into three general categories: (1) the commission of multiple traffic offenses which together demonstrate the driver's willful and wanton disregard for the safety of persons and property; (2) a driver's conscious disregard for the particular surroundings and circumstances that rises to the level of willfulness and wantonness; and (3) where willful and wanton conduct is based, in part, upon the driver's intoxication or impaired state. *People v. Paarlberg*, 243 Ill. App. 3d 731 (1993).

¶ 28    Although we agree with defendant that speed alone is not always sufficient to sustain a conviction for reckless driving, speed combined with other circumstances which indicate a conscious disregard of a substantial risk likely to cause death or great bodily harm to others is sufficient. See *People v. McDermott*, 141 Ill. App. 3d 996 (1985). Here, the stipulation admitted that defendant drove between 80 and 115 miles per hour on a road in Fulton County with a posted speed limit of 55 miles per hour. Prior to the accident, Sloan stated, defendant and the passengers were driving in the country and they were headed into town. Sloan stated that the front wheels came off the ground as defendant's vehicle crossed over Seven Hills Road, and the Illinois State Police identified a slight dip in the road near the point where defendant lost control of the vehicle. Defendant's excessive speed, combined with the location and road condition facts, established a conscious disregard for her surroundings. As noted by the trial court, either knowledge or lack of knowledge about the road condition, combined with her excessive speed, would suffice to demonstrate the necessary mental state for her conviction. Further, it is undisputed that defendant's actions caused great bodily harm and death to Morgan and Anderson. Therefore, we conclude that the trial court's judgment of conviction was not error.

¶ 29                                    IV. Sentence

¶ 30    Finally, defendant argues that her sentence is an abuse of discretion because she was 16 years old at the time of the incident, she did not have a prior criminal history, and she was sentenced to serve 24 months' imprisonment in the Department of Corrections.

¶ 31    A trial court has wide discretion in sentencing a criminal defendant, and we review the trial court's sentencing decision for an abuse of discretion. *People v. Sweeney*, 2012 IL App (3d) 100781. A sentence which falls within the statutory range is not an abuse of discretion unless it is manifestly disproportionate to the nature of the offense. *People v. Jackson*, 375 Ill. App. 3d 796 (2007).

¶ 32    As we have noted, defendant was charged with aggravated reckless driving, a traffic offense, in criminal court. Aggravated reckless driving is a Class 4 felony (625 ILCS 5/11-503(c) (West 2010)) punishable by a sentence of not less than one year and not more than three years' imprisonment (730 ILCS 5/5-4.5-45(a) (West 2010)).

¶ 33    We are neither oblivious nor unsympathetic to the defendant's unfortunate background, the many good and responsible actions in her life, and her dedicated pursuit of laudable goals. Nevertheless, after reviewing defendant's sentencing hearing, we cannot say that the sentence imposed was an abuse of the trial court's discretion. First, the trial court noted that it considered all of the evidence, documents, and exhibits. Second, the court addressed the

applicable factors in aggravation and mitigation. Defendant takes issue with the court's finding that the second factor in mitigation, *i.e.*, that defendant did not contemplate that her conduct would cause serious harm, did not apply. 730 ILCS 5/5-5-3.1(a)(2) (West 2010). We find no error in this regard, as there was a great level of risk apparent in defendant's conduct. Defendant's sentence of 24 months' imprisonment was in the middle of the sentencing range. Finally, we note that the trial court expressed concern that the offense was so serious that it required a sentence that was "far more than a slap on the hand." The court was correct in so finding, as defendant's conduct resulted in the deaths of two young people. Therefore, we conclude that defendant's sentence was not an abuse of discretion.

¶ 34                                          CONCLUSION

¶ 35        For the foregoing reasons, the judgment of the circuit court of Fulton County is affirmed.

¶ 36        Affirmed.