2018 IL App (2d) 170342
Nos. 2-17-0342, 2-17-0347, 2-17-0392 cons.
Opinion filed March 21, 2018

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) ) | Nos. 16-CF-3214 17-CF-407 |
| M.R., | ) ) | Honorable John S. Lowry, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 17-CF-248 |
| J.T., | ) ) | Honorable Fernando L. Engelsma, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 17-CF-249 |
| D.H., | ) | Honorable |

|  | ) | Fernando L. Engelsma, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the judgment of the court, with opinion.
Justices Zenoff and Burke concurred in the judgment and opinion.

**OPINION**

¶ 1    At issue in these consolidated appeals is whether possession of a stolen vehicle (625 ILCS 5/4-103(a)(1) (West 2016)) is a violation of a traffic law, such that a minor accused of committing that offense may be tried as an adult pursuant to section 5-125 of the Juvenile Court Act of 1987 (Juvenile Court Act) (705 ILCS 405/5-125 (West 2016)). The State appeals from orders dismissing criminal charges against the defendants. We affirm.

¶ 2    In case No. 2-17-0342, D.H. was charged by indictment with possession of a stolen 2009 Toyota Camry. The offense allegedly occurred on January 27, 2017. On that date, D.H. was 16 years old. In case No. 2-17-0392, J.T. was charged by indictment, along with D.H., with possession of the Camry. J.T. was also charged with possession of a stolen Chevrolet Cruze. That offense also allegedly occurred on January 27, 2017. On that date, J.T. was 17 years old. In case No. 2-17-0347, M.R. was charged by indictment with possession of a stolen 2003 Jeep Liberty. That offense allegedly occurred on December 11, 2016. M.R. was later charged with possession of a stolen Mitsubishi Galant. That offense allegedly occurred on February 15, 2017, while M.R. was released on bond. On both dates, M.R. was 15 years old.

¶ 3    At the hearing on D.H.'s motion to dismiss, the State advised the trial court that two Rockford detectives located the Chevrolet at 1816 Vernon Street. The officers conducted surveillance at that address and saw the Toyota pull into the driveway and soon after drive off. A patrol officer followed the Toyota, which crashed into two cars. D.H., J.T., and a third occupant of the Toyota fled on foot, but D.H. was apprehended and identified as the driver of the Toyota.

During a hearing on a motion by J.T. for a bond reduction, the State presented the same account. In addition, the State advised the court that J.T. was apprehended and that the keys to the Chevrolet were in his possession. J.T. admitted stealing the Chevrolet and driving it to D.H.'s residence.

¶ 4    M.R. was originally charged by indictment with a single count of possession of a stolen vehicle. A probable-cause statement prepared after M.R.'s arrest indicated that, on December 11, 2016, a Rockford police officer located the stolen Jeep in the parking lot of a Wendy's restaurant. The officer entered the parking lot with his vehicle's emergency lights activated. The driver of the Jeep tried to flee, hitting the officer's vehicle in the process. The driver then drove the Jeep into a snow bank, and the driver was apprehended. The driver was identified as M.R. As noted, M.R. was later charged with another count of possession of a stolen vehicle. According to a probable-cause statement, on February 13, 2017, the stolen Mitsubishi was found in the parking lot of the school that M.R. attended. M.R. was questioned, and he admitted that he drove the Mitsubishi to school.

¶ 5    The trial court dismissed the charges against the defendants, ruling that the defendants could not be prosecuted as adults. The State argues on appeal that the defendants may be prosecuted as adults, pursuant to section 5-125 of the Juvenile Court Act.

¶ 6    Section 5-125 provides, in pertinent part, as follows:

> "Any minor alleged to have violated a traffic, boating, or fish and game law, or a municipal or county ordinance, may be prosecuted for the violation and if found guilty punished under any statute or ordinance relating to the violation, without reference to the procedures set out in this Article ***[.]
>
> * * *

For the purpose of this Section, 'traffic violation' shall include a violation of Section 9-3 of the Criminal Code of 1961 or the Criminal Code of 2012 relating to the offense of reckless homicide, Section 11-501 of the Illinois Vehicle Code, or any similar county or municipal ordinance." 705 ILCS 405/5-125 (West 2016).

¶ 7    The offense of possession of a stolen vehicle is defined in section 4-103(a)(1) of the Illinois Vehicle Code (625 ILCS 5/4-103(a)(1) (West 2016)), which, as pertinent here, provides that it is a violation of chapter 4 of the Vehicle Code for "[a] person not entitled to the possession of a vehicle or essential part of a vehicle to receive, possess, conceal, sell, dispose, or transfer it, knowing it to have been stolen or converted." The State insists that section 4-103 is a traffic law, such that a minor accused of violating it may be prosecuted as an adult. The State notes that section 5-125 of the Juvenile Court Act states that, "[f]or the purpose of this Section, 'traffic violation' shall include a violation of Section 9-3 of the Criminal Code of 1961 or the Criminal Code of 2012 relating to the offense of reckless homicide, Section 11-501 of the Illinois Vehicle Code, or any similar county or municipal ordinance." 705 ILCS 405/5-125 (West 2016). The State argues that the term "traffic violation" is not limited to those two offenses. The State also notes that the offense of possession of a stolen vehicle is "specifically included" in the Vehicle Code rather than the Criminal Code of 2012 (720 ILCS 5/1-1 *et seq.* (West 2016)). According to the State, "[h]ad the legislature wanted to include it in the Criminal Code instead, it certainly could have done so and it did not."

¶ 8    The State is correct that "traffic violation" is not limited to the two offenses specifically mentioned in section 5-125 of the Juvenile Court Act. "The words 'include' or 'including' are ordinarily terms of enlargement rather than restriction and indicate that items enumerated in a statute are not meant to be exclusive." *Gem Electronics of Monmouth, Inc. v. Department of*

*Revenue*, 286 Ill. App. 3d 660, 667 (1997). The task still remains to determine what offenses other than those specifically mentioned in section 5-125 are violations of traffic laws. By pointing out that possession of a stolen vehicle appears in the Vehicle Code rather than the Criminal Code, the State appears to assume that all laws found in the Vehicle Code are traffic laws. We do not share the assumption.

¶ 9     To determine whether possession of a stolen vehicle is a violation of a traffic law, we look to the definition of "traffic." Section 1-207 of the Vehicle Code provides that "traffic" means "[p]edestrians, ridden or herded animals, vehicles, streetcars and other conveyances either singly or together while using any highway for purposes of travel." 625 ILCS 5/1-207 (West 2016). We fail to see how, when measured by this definition, the law proscribing possession of a stolen vehicle could be considered a traffic law. Moreover, the character of the offense does not change merely because, by happenstance, the defendants committed the offense while operating vehicles in traffic.

¶ 10    The State also relies on *People v. Markley*, 2013 IL App (3d) 120201, which held, in pertinent part, that prosecuting a minor as an adult, under section 5-125, for aggravated reckless driving did not deprive the minor of due process of law. The *Markley* court concluded that section 5-125 "was rationally based on the adult nature of the enumerated categories of offenses, the threat posed by the offenses, and the frequency of commission." *Id.* ¶ 22. The State argues that "possession of a stolen motor vehicle is an adult natured offense, which is frequently committed and threatens harm, including, but not limited to, crashing of the vehicles because the offenders are fleeing from law enforcement or are unfamiliar with the operation of the stolen vehicle." That might be true, but it is beside the point. *Markley*'s holding is that it is constitutional to prosecute a minor as an adult for aggravated reckless driving. The constitutional

question decided in *Markley* is entirely distinct from the question of whether possession of a stolen vehicle is a violation of a traffic law.

¶ 11     For the foregoing reasons, the judgments of the circuit court of Winnebago County are affirmed.

¶ 12     Affirmed.